*E-Filed 12/7/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BARBARA HAYSOM, *et al.*,

    Plaintiffs,

v.

ROBERT McGUINESS, JUDGE OF THE SUPERIOR COURT, ALAMEDA COUNTY, *et al.*,

    Defendants.

No. C 11-04626 RS

**ORDER GRANTING MOTION TO DISMISS**

    Plaintiffs Barbara Haysom, Jeremiah Vargas, and Dorothy Mielke are the decedents of Winifred Vargas. Winifred Vargas died in April 2005, and although the cause of her death is disputed, she died after undergoing voluntary plastic surgery and receiving care in the emergency department at a Kaiser Hospital. In a suit filed in June 2006 before the Alameda County Superior Court, plaintiffs advanced claims against several physicians, nurses, and paramedics, the Kaiser Foundation Hospitals and several affiliates, as well as the county coroner, and other state actors.[1]

    The state case proceeded until the California Supreme Court held, in *Ruiz v. Podolsky*, 50 Cal. 4th 838, 854 (Cal. 2010), that a deceased patient's agreement to arbitrate any potential wrongful death claims may bind her heirs. As a result of that decision, and pursuant to an arbitration agreement signed by Vargas, the Superior Court granted the Kaiser defendants' petition

---

[1] The parties both filed motions for judicial notice. Because the relevant facts concerning the positions of the parties, the arbitration agreement, and the state court proceedings are uncontested, judicial notice is unnecessary to dispose of this action. The motions are thus denied as moot.

to compel arbitration of plaintiffs' wrongful death claim, over plaintiffs' objections, on February 4, 2011. The Court also stayed the litigation, pending completion of the arbitration.[2] Plaintiffs admit that they "have refused to participate in the arbitration selection process, except to reject any arbitrator appointed by OIA [e.g., Kaiser's Office of the Independent Administrator]." Compl., ¶ 29. Five arbitrators appointed by OIA have been disqualified by the parties. The Kaiser defendants then filed a pending petition requesting the Superior Court to appoint a neutral arbitrator. *See* Cal. Code of Civ. Proc. § 1281.6. At a status conference on September 12, 2011, the judge ruled that he would appoint one unless an arbitrator was agreed upon in the next 45 days.

Without seeking redress in the California Court of Appeal, plaintiffs filed this action on September 19, 2011, asking the District Court to set aside the arbitration order and enjoin the Superior Court from bifurcating the litigation and compelling arbitration on plaintiffs' claims against the Kaiser defendants.[3] Plaintiffs' request for relief also requests attorneys' fees and costs. The complaint names all of the defendants in the state court action, as well as the Superior Court judge, the Superior Court, the County, and the state. The state actors and the Kaiser defendants have each filed motions to dismiss. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and for the reasons stated below, defendants' motions is granted.

Plaintiffs' complaint borders on frivolous. As an initial matter, as for the merits, plaintiffs' argument that compelled arbitration will prove so expensive as to bar continuation of the case, and thereby violate their constitutional rights, is likely meritless for the reasons discussed in the defendants' briefs. Even putting aside the merits, however, it would be improper for this Court to interfere with the ongoing state court proceedings in present circumstances. In the first instance, *Younger* abstention undoubtedly applies. *See generally Young v. Harris*, 401 U.S. 37 (1971). Absent "extraordinary circumstances," abstention is required if: (1) the state court proceedings are ongoing; (2) they "implicate important state interests"; (3) there is an "adequate opportunity" to

---

[2] At this stage, the Court had already granted summary adjudication on all of the plaintiffs' claims against Kaiser, except the wrongful death claim, and the non-Kaiser plastic surgeon and county defendants had been dismissed, leaving only the paramedics and the Kaiser defendants in the case. Because there was no arbitration agreement between Vargas and the paramedics, they are the only defendants remaining in the litigation who have not been referred to arbitration.

[3] The Superior Court has refrained from appointed a mediator until this federal action is resolved.

No. C 11-04626 RS
ORDER GRANTING MOTION TO DISMISS

2

1 raise federal questions; and (4) federal court action would enjoin the proceedings or have the
2 practical effect of doing so, in contravention of *Younger*. *Gilbertson v. Albright,* 381 F.3d 965, 978
3 (9th Cir.2004) (en banc).

4 As applied here, first, plaintiffs cannot seriously contend that there are no "ongoing" proceedings before the Superior Court because the case has been stayed pending resolution of arbitration. Second, without question, the efficient resolution of malpractice and wrongful death claims qualifies as an "important state interest." *See, e.g., Fein v. Permanente Med. Grp.*, 38 Cal. 3d 137, 158-59 (1985) (holding California Civil Code § 3333.2's cap on malpractice damages rationally related to legitimate state interests and therefore constitutionally sound), *and Reigelsperger v. Siller*, 40 Cal. 4th 574, 577-78 (2007) (requirements for arbitration agreement concerning medical practice claims, set forth in California Code of Civil Procedure § 1295, advance public policy). Next, plaintiffs do not appear to argue that they have been denied a venue to advance their federal constitutional claims before the Superior Court. Finally, the complaint expressly pleads for an injunction against the Superior Court, thereby implicating *Young*. Although plaintiffs attempt to argue, at length, that the Federal Arbitration Act preempts the relevant California statutory scheme, they invoke no authority to suggest that their case presents "extraordinary circumstances" that would warrant intervention in contravention of *Young*'s general rule. As a result, the case must be dismissed as to all defendants with prejudice.[4] Plaintiffs' motion for fees and costs is also denied. Finally, contrary to defendants' suggestion, sanctions are not necessary.

IT IS SO ORDERED.

Dated: 12/7/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] Although it is not strictly necessary to address defendants' further arguments in favor of dismissal, it is worth noting that granting plaintiffs' requested relief would also almost certainly run afoul of *Rooker-Feldman* doctrine and possibly other laws. As a result, dismissal with prejudice is appropriate. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996) (when amendment would be futile, dismissal with prejudice is justified).